United States District Court
District of Massachusetts

```
_____
                               )
CURTIS MITCHELL,               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No.
                               )   11-11403-NMG
WILLIAM KELLEY and PATRICK     )
BROWNING,                      )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises out of the arrest, prosecution, conviction and incarceration of the plaintiff, Curtis Mitchell ("Mitchell"), for an assault and battery and kidnapping which Mitchell claims he did not commit. Following the reversal of his conviction and the vacation of the jury verdict against him, Mitchell filed a complaint, pro se, against his arresting officers, defendants William Kelley ("Officer Kelley") and Patrick Browning ("Officer Browning") (collectively, "the defendants"), for violation of his federal and state civil rights.

Currently before the Court is the defendant's motion to dismiss the complaint and plaintiff's opposition thereto.

**I. Background**

In the early morning hours of August 31, 2007, Officers Browning and Kelly responded to a 911 call placed by Colleen

-1-

Marie Donahue ("Ms. Donahue"). Upon arriving at the scene, i.e., a tent which Ms. Donahue apparently shared in some fashion with Mitchell, the officers discovered Mitchell outside the tent and asked him to step aside. Ms. Donahue then came out of the tent and exhibited some visible head injuries.

According to Mitchell, Ms. Donahue was quiet and in a confused, drug-induced state at the time. She proceeded to report to the officers (falsely, according to Mitchell) that Mitchell had assaulted and attempted to rape her. No experienced professional could have believed such a story, Mitchell contends, because it was obvious Ms. Donahue was in a delusional and delirious state of mind due to the several substances in her system. In fact, Mitchell alleges that Officer Kelley knew that Ms. Donahue was a drug addict and had dealings with her on previous occasions. Furthermore, he contends that her head injury was indicative of, at most, a slip-and-fall and was obviously less severe than what would have been expected had Mitchell abused her in the manner she claimed. Nevertheless, the officers purportedly credited her "fairy-tale story" and arrested Mitchell.

Mitchell contends that, following his arrest, Officer Kelley filed a false police report in which he stated that Ms. Donahue was "hysterical" when the police arrived. Officer Browning then supposedly filed a supplemental report on October 11, 2007 in

which he stated that he saw Mitchell lying on top of Ms. Donahue inside the tent.  Mitchell asserts that account is not only untrue but is also contrary to Officer Kelley's account.

Mitchell avers that Officers Browning and Kelley reported those several untruths to the District Attorney who, in turn, initiated legal proceedings against him.  He deplores the procedures employed and false evidence presented against him at his criminal trial.  Finally, he lambasts not only the two defendants and their alleged perjuries and recantations but also his defense attorney, the prosecutor, the trial judge, the medical responders and the medical expert reports.

## II. **Procedural History**

Prior to initiating the instant lawsuit, Mitchell filed a complaint against both defendants in another Session in this District Court in May, 2009.  United States District Judge Nancy Gertner allowed defendants' motion to dismiss without prejudice to plaintiff re-filing his complaint if and when his state court sentence was reversed, expunged or otherwise called into question by a court of competent jurisdiction.

In June, 2011, the Massachusetts Appeals Court reversed the judgment against him.  Thereafter, in August, 2011, Mitchell filed the instant complaint.  The defendants filed their motion to dismiss in December, 2011.

**III. Analysis**

The complaint is 32 pages long but includes no specific counts against the defendants. It alludes to violations of 42 U.S.C. § 1983 and various constitutional amendments but the Court is left to speculate as to some elements. Furthermore, when alleging that the defendants filed false reports or made other false statements, Mitchell refers to portions of transcripts and other documents which have not been submitted to the Court.

The Court agrees with the defendants that, to the extent the complaint purports to assert a claim for false arrest or false testimony, those claims must be dismissed.

First, even crediting plaintiff's allegations, the defendants had probable cause to arrest him. A claim for false arrest is not viable where the arrest is supported by probable cause. Sholley v. Town of Holliston, 49 F. Supp. 2d 14, 18 (D. Mass. 1999). Here, the information available to the defendants at the time of the arrest was sufficient to lead an ordinarily prudent officer to conclude that Mitchell had committed assault and battery on Ms. Donahue, the crime for which he was arrested. The officers responded to a 911 call and came upon a scene of obvious discord. Their decision to believe Ms. Donahue's account of what had transpired between her and the plaintiff is reasonable notwithstanding the fact that she appeared confused or under the influence of drugs. In fact, a confused demeanor is

suggestive of a head injury and consistent with Ms. Donahue's initial allegations.

Second, a claim that defendants gave false testimony is not viable because the defendants are entitled to absolute immunity for the testimony they provided before the grand jury and during plaintiff's criminal trial. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Kyricopoloulos v. Orleans, 967 F.2d 14 (1st Cir. 1992).

With respect to plaintiff's remaining claims, the defendants' motion to dismiss will be allowed without prejudice to plaintiff re-filing an amended complaint which clarifies the alleged violations upon which he relies.  Plaintiff must also submit any documents he incorporates by reference into his complaint.

### ORDER

In accordance with the foregoing, defendants' motion to dismiss (Docket No. 23) is **ALLOWED**.  The case is **DISMISSED** without prejudice except with respect to any putative counts for false arrest and/or for the giving of false testimony, which are **DISMISSED** with prejudice.

Plaintiff may file, on or before September 30, 2012, an amended complaint consistent with the above Memorandum in which he is specifically instructed 1) to clarify, by listing in specific counts, the legal grounds for his claims against the

defendants and 2) to submit to the Court any documents he incorporates by reference into his amended complaint.

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated August 17, 2012